UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNADETTE SIMPSON, Special Administrator of the Estate of PAULA DILLARD, Deceased, BERNADETTE SIMPSON, individually, and RUSSELL SIMPSON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLSTATE INSURANCE CO., DIANA GEBAVI, LAURENS RESTORATION, INC. and John Does 1-10,<br><br>    Defendants. | No. 14 C 1040<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Russell Simpson and Bernadette Simpson, individually and as Special Administrator of the Estate of Paula Dillard ("Plaintiffs") filed a 17-count, 73-page 5th amended complaint against Defendants Allstate Insurance Co., Diana Gebavi, Laurens Restoration, Inc., and John Does 1-10 ("Defendants") in Cook County on January 15, 2014. Defendants removed this case on February 13, 2014 to this Court. Ms. Paula Dillard, deceased, was a purchaser of an Allstate homeowners' insurance policy. On September 22, 2005, lightning struck Ms. Dillard's storage shed, resulting in a fire. Ms. Dillard's policy covered damage to her home, storage building, and personal property at her residence. Ms. Dillard, Ms. Bernadette Simpson (Ms. Dillard's granddaughter), and Mr. Russell Simpson (Ms. Simpson's husband) had items that were stored in the shed that were destroyed. Bernadette Simpson and Russell Simpson were living with Ms. Dillard at the time of the fire, but did not purchase the policy at issue.

1

Plaintiffs filed a claim with Allstate. A week later, Allstate assigned a contents claims adjuster to Ms. Dillard's claim. Plaintiffs allege that Allstate's contents claims adjuster used, and was required to use, Allstate's standard claims practices in handling Ms. Dillard's claim.

In Plaintiffs' fifth amended complaint, Plaintiffs alleged breach of contract, vexatious and unreasonable delay in settling an insurance claim, bailment, conversion, estoppel, common law fraud and deceit, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), negligent spoliation and intentional spoliation. Each cause of action brought by Plaintiffs arises from Defendants' handling of Plaintiffs' claim and property, including representations made prior to the loss and prior to adjusting the claim. Plaintiff alleges that Allstate designed and maintained mandatory claims practices and policies, uniform across the nation, to be used to adjust claims filed with Allstate which breach Allstate's insurance policies and were designed by McKinsey & Co. to turn Allstate's claims department into a "profit center."

On July 18, 2014, Defendants moved for summary judgment, which this Court denied. Plaintiffs now move to certify a class action with respect to Counts II (breach of contract), X (common law fraud and deceit), and XI (Illinois Consumer Fraud Act) against Allstate. In moving for class certification, Plaintiffs bear the burden of establishing that all the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—and, additionally, one of the requirements of Rule 23(b) are met. *General Telephone of the Southwest Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 2372–73, 72 L.Ed.2d 740 (1982); *Lilly v. Ford Motor Co.*, No. 00 C 7372, 2002 WL 507126, at *1 (N.D. Ill. Apr. 3, 2002). Under Rule 23(b)(3), a class should be certified where (1) common questions predominate over individual questions, and (2) a class action is superior to other adjudicative methods. *Miller v. Gen. Motors Corp.*, No. 98 C 2851, 2003 WL 168626, at *1 (N.D. Ill. Jan. 26, 2003). I have broad discretion in determining whether to certify a class, *see Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 306 (7th Cir.1985), but I may not reach the merits of the case when considering certification. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177–178,

94 S.Ct. 2140, 2152–53, 40 L.Ed.2d 732 (1974). I am to interpret Rule 23 liberally to permit class actions. *Calkins v. Fid. Bond & Mortgage Co.*, No. 94C5971, 1998 WL 719569, at *1 (N.D. Ill. Oct. 8, 1998) (citing *In re Folding Carton Antitrust Litigation,* 75 F.R.D. 727, 731 (N.D.Ill.1977)).

I do not now rule here on the precise question of whether there is a proper basis for class action in *Simpson*. Rather, it appears that in considering the separate suit filed in this Court, *Serrafin Torres and Hortencia Torres, on behalf of themselves and all others similarly situated, v. Allstate Indemnity Co. and Allstate Insurance Co.*, No. 14 C 2830, that the *Torres* case would present a far better basis for consideration of a class action than is the case presented in *Simpson*. In *Torres*, the core of the plaintiffs' allegations was that the plaintiffs paid for and received insurance on their property from defendant Allstate, but that after their garage caught fire and was completely destroyed, they received a "low ball settlement offer" based on an estimate written by the claims adjuster pursuant to Allstate's guidelines. The plaintiffs further alleged that the guidelines that led to a "low ball" repair estimate was part of Allstate's ongoing and systemic effort to force insureds to expend significant money on appraisal. On the basis of what I have read in the pleadings, it seems that *Torres* has a superior ground for moving forward with a class action, if one is warranted.

                                          ENTER:

                                          */s/ James B. Zagel*

                                          James B. Zagel
                                          United States District Judge

DATE: June 29, 2015